**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SUSIE SHAY PURLEY, | DOCKET NUMBER |
| Appellant, | AT-0845-25-0167-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE:  July 20, 2026 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Susie Shay Purley</u>, Atlanta, Georgia, pro se.

<u>Eva Ukkola</u>, <u>Angerlia D. Johnson</u>, and <u>Karen Silveira</u>, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed as moot her appeal of an Office of Personnel Management (OPM) reconsideration decision finding that she received an overpayment of disability annuity benefits under the Federal Employees' Retirement System (FERS) and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

that she was not eligible for a waiver of the overpayment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Furthermore, in its Agency Response to Board Order, filed on December 18, 2025, the agency has provided clarification on the amount at issue and resolved any issues regarding an apparent discrepancy concerning the amount waived that the appellant raised in her Petition for Review: the agency clarified that it would not seek recovery of the $5,018.40 at issue from the appellant. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is retired and had been receiving a disability annuity. On February 28, 2024, the appellant received a letter from OPM notifying her that OPM had determined that the appellant's earned income for calendar year 2022 exceeded the 80% earned income limitation and that, as a result, her earning capacity was considered to be restored and she would no longer be entitled to receive disability annuity benefits. Initial Appeal File (IAF), Tab 2 at 20. On April 12, 2024, OPM sent the appellant follow-up correspondence informing her

that it had calculated a total gross annuity overpayment of $30,698.00, but that OPM had reduced that amount by the amount of deductions from the appellant's annuity for her health insurance and life insurance premiums, totaling $5,018.40. *Id.* at 9. OPM concluded that the net total due was $25,679.60 and advised the appellant about making payment or requesting reconsideration. *Id.* at 9-13. The appellant requested reconsideration, explaining that she was unaware of the earned income limitation, and she also requested waiver of her obligation to repay the overpayment. *Id.* at 14-19. On October 21, 2024, OPM issued a reconsideration decision finding that the appellant had been overpaid $25,679.60 in annuity benefits under FERS from July 1, 2023, through March 30, 2024, and denying her request for a waiver. *Id.* at 5-8.

The appellant subsequently filed an appeal with the Board requesting review of OPM's determination. IAF, Tab 1, Tab 2 at 3-4. The appellant did not clearly explain what part of OPM's determination she disagreed with, but she expressed frustration with a delay in learning about the overpayment and with the resulting termination of her health insurance. IAF, Tab 1 at 2, Tab 2 at 3-4. While the case was pending before the Board, the agency moved that "the appeal be dismissed for lack of jurisdiction due to mootness." IAF, Tab 11 at 6. The agency stated in its motion that it had reviewed the appellant's case and found, based on the circumstances, that the appellant was entitled to a waiver of the entire overpayment. *Id.* at 4-6. OPM indicated that it had verbally notified the appellant of the agency's decision and, as proof of the waiver, attached a letter addressed to the appellant dated that same day, February 13, 2025, which stated that OPM had "waived the debt of $25,679.60 due to your overpayment of FERS disability annuity benefits for the period July 1, 2023, to March 30, 2024" and that "there will be no further collection attempt for these funds and the overpayment matter is closed." *Id.* at 6-7. The administrative judge issued an initial decision the next day granting OPM's motion and dismissing the appeal as moot. IAF, Tab 12, Initial Decision (ID) at 1. The administrative judge found

that OPM's waiver of the overpayment and termination of its collection efforts, with no amounts already collected, rendered the appeal moot. ID at 2.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, the appellant states that it was recently "brought to [her] knowledge . . . that the dismissal based on mootness does not include the total gross annuity overpayment totaling $30,698.00 but instead a partial annuity of $25,679.60." *Id.* at 3. She states that "OPM decided to reduce the overpayment by the amount of deductions from [her] annuity listed to include health and life insurance benefits in the total of $5,018.40 combined while simultaneously terminating health, life, dental and vision" and that "[t]he decision of OPM granting dismissal of mootness only grants a partial consideration of $25,679.60 which does not include the gross overpayment totaling $30,698.00." *Id.* at 4. She asks the Board to "order and grant OPM's motion to dismiss the debt in its gross entirety of $30,698.00 and to not make any further collection attempts for the total gross annuity overpayment to include the overpayment of $5,018.40 for Health/Dental/Vision/Life insurance premiums." *Id.* at 5. The agency filed a response, maintaining that the appellant had not met the criteria for granting a petition for review. PFR File, Tab 4.

The appellant filed a reply. PFR File, Tab 5. With her reply, she attached a February 27, 2025 letter from OPM reiterating that OPM "waived the net debt of $25,679.60 due to [her] overpayment of FERS disability annuity benefits for the period of July 1, 2023, to March 30, 2024"; that OPM previously provided the appellant with a pay and due explanation of the debt calculation,[2] which indicated that the gross overpayment of annuity was $30,698.00 but that "OPM reduced that amount by applying *a retroactive refund* of health benefits and life insurance premiums of $5,018.40," thereby reducing the remaining amount owed to the

---

[2] The appellant attaches this paid and due computation form to her petition for review; however, the full text explaining the withheld amounts is not legible. PFR File, Tab 1 at 9.

appellant to $25,679.60; and that "there will be no further collection attempt for these funds and the overpayment matter is closed." *Id.* at 29 (emphasis added). The appellant again requested that the "total indebtedness" of $30,698.00 be waived and seeks "clarification on why the additional $5,018.40, which was retroactively charged for premiums [she] already paid, is not being included in the waiver." *Id.* at 4. She also discussed the termination of her health benefits and attached several overdue medical bills that she protests she is now "personally liable for." *Id.* at 4, 9-28.

Given the appellant's confusion regarding OPM's overpayment calculation, the Board subsequently ordered OPM to substantively respond to the allegations set forth in the appellant's petition for review and reply, including clarifying how it calculated the appellant's overpayment and why the appellant no longer lacked a legally cognizable interest in the outcome of the case. PFR File, Tab 6. The order also gave the appellant an opportunity to reply. *Id.* at 4. OPM submitted a response clarifying that the total overpayment figure assessed was $25,679.60, that this was not a "partial annuity" as the appellant had described on review, that the amount of $5,018.40 was not charged as part of the appellant's overpayment because it represents "FEHB and FEGLI deductions that were applied to the appellant's annuity prior to her receipt of payments," that OPM would not attempt to collect the $5,018.40 at a future date, and that OPM considers this matter closed. PFR File, Tab 7. The appellant did not reply.

## ANALYSIS

The Board has held that a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Wrighten v. Office of Personnel Management*, 89 M.S.P.R. 163, ¶ 5 (2001). For an appeal to be dismissed as moot, an appellant must have received all of the relief that she could have received if the matter had been adjudicated and she had prevailed. *Alexis v. Office of Personnel Management*, 106 M.S.P.R. 315, ¶ 6

(2007). The Board has clarified that an appeal may not be dismissed as moot until the agency has submitted acceptable evidence that it has actually afforded the appellant all such relief. *Smith v. Office of Personnel Management*, 113 M.S.P.R. 259, ¶ 7 (2010).

In this appeal, OPM provided evidence and documentation establishing that it assessed the appellant a total overpayment of $25,679.60 in FERS disability annuity benefits from July 1, 2023, through March 30, 2024, and that it then waived the appellant's total debt of $25,679.60 due to this overpayment. IAF, Tab 11 at 7; PFR File, Tab 7 at 4-5; *see also* PFR File, Tab 5 at 29. The appellant does not dispute the existence of an overpayment or that OPM waived the overpayment debt. Instead, in her petition for review, she sought clarification on how this amount was calculated, whether she remained liable for $5,018.40, a figure cited in OPM's overpayment notices, and why this figure was not included in the overpayment total. PFR File, Tab 1 at 4-5. As discussed above, in response to the Board's order seeking a response to the appellant's questions, OPM specifically confirmed that the $5,018.40 figure represents deductions applied to the appellant's annuity before she received payments and that she is not liable for this amount because it is not considered part of her total assessed overpayment. PFR File, Tab 7 at 5. This explanation is clear and consistent and directly answers the appellant's question, and we see no reason to disturb the initial decision and grant her petition for review based on this concern.

It appears that the appellant may also be attempting to raise a separate issue in both her petition for review and reply related to the termination of her health benefits as a result of being considered restored to earning capacity. PFR File, Tab 1 at 4-5, Tab 5 at 3-4. She makes several assertions about outstanding medical bills, collection notices by health providers, and retroactive medical charges and premiums. PFR File, Tab 1 at 4-5, Tab 5 at 3-4. However, the appellant's claims are difficult to decipher, and we cannot discern exactly what she is contending within the context of this appeal or if she is claiming that this

appeal is somehow not moot because of these issues. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); 5 C.F.R. § 1201.115(a)(2) (requiring that a petition for review explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error). Notably, the appellant was given an opportunity to reply to the agency's response to her concerns but did not do so. As a result, we conclude that such bare and vague allegations provide no reason for disturbing the initial decision and granting her petition for review.

Because waiver of her obligation to repay the overpayment is the only clear relief sought by the appellant in this appeal, it appears that she has now received all of the relief that she could have received had she prevailed in her appeal. *See Wrighten*, 89 M.S.P.R. 163, ¶ 5. Accordingly, because there is no further relief the Board can grant in this case, we agree with the administrative judge that this appeal is moot. *See Uhlig v. Department of Justice*, 83 M.S.P.R. 29, ¶ 7 (1999).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.